IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| PATRICK EDWARD BROWN (TDCJ No. 1802446), | § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-cv-2717-P-BN |
| GARY LNU, ET AL., | § § § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
<u>**UNITED STATES MAGISTRATE JUDGE**</u>

This case has been referred to the undersigned United States magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). The undersigned issues the following findings of fact, conclusions of law, and recommendation.

**Background**

In this lawsuit, filed by an inmate in the custody of the Texas Department of Criminal Justice, Plaintiff asserts causes of action for breach of contract and fraud, *see* Dkt. No. 3 at 2, and alleges that an unnamed used car salesman ("John Doe" at Gary's Used Cars) and his ex-fiancee conspired to remove Plaintiff's name from the title of a car Plaintiff and the ex-fiancee bought. Plaintiff claims that this action led to his arrest, which led to his current incarceration, which, in turn, led to an injury to Plaintiff's left shoulder he sustained while incarcerated. *See, e.g.*, Dkt. No. 7. In a verified response to the Magistrate Judge's Questionnaire, Question No. 5, which asked "[s]tate all facts known to you on which you rely to establish that Defendants

are liable to you for the injury to your left shoulder", Plaintiff responded, in part, that "the act of 'conspiracy to commit fraud' between [the ex-fiancee] and this sales representative caused the injury; had not they illegally removed my name without my consent not only wouldn't I went to jail but the injury wouldn't have occurred. I doing so John Doe, sales representative for Gary's used cares made the arbitration agreement void and any actions concerning the car liable for 'civil' dispute." *Id.* at 9 of 17.

Plaintiff fails to allege the citizenship of any party. And under "Jurisdiction" in his complaint, he merely recites language from what seems to be a statute concerning arbitration and also appears to invoke the interstate commerce clause of the Constitution. *See* Dkt. No. 3 at 1-2.

The undersigned now concludes that Plaintiff has failed to raise allegations sufficient to establish subject matter jurisdiction and that, to the extent that Plaintiff asserts a constitutional claim against the named defendants (who are not state actors), this case is frivolous and should be summarily dismissed under 28 U.S.C. § 1915(e)(2).

**Legal Standards**

Federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583–84 (1999); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) ("[A]ny federal court

may raise subject matter jurisdiction *sua sponte*."). A federal court's jurisdiction is limited, and, unless otherwise provided by statute, federal courts generally may hear a case of this nature only (1) if it involves federal questions arising under the Constitution, laws, or treaties of the United States or (2) where diversity of citizenship exists between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1331, 1332. A party seeking to invoke the jurisdiction of a federal court must prove that jurisdiction is proper. *See Boudreau v. United States*, 53 F.3d 81, 82 (5th Cir.1995).

A district court may dismiss a complaint filed *in forma pauperis* if it concludes that the action is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2). An action is frivolous if it lacks an arguable basis in either law or fact. *See Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *see also Brewster v. Dretke*, 587 F.3d 764, 767 (5th Cir. 2009) ("A claim may be dismissed as frivolous if it does not have an arguable basis in fact or law."). A complaint is without an arguable basis in law if it is grounded upon an untenable, discredited, or indisputably meritless legal theory, including alleged violations of a legal interest that clearly does not exist. *See Neitzke*, 490 U.S. at 326-27; *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999). A claim is factually frivolous when the facts alleged are "clearly baseless," *Neitzke*, 490 U.S. at 327, a category encompassing allegations that are "fanciful," *id.*, at 325, "fantastic," *id.* at 328, and "delusional," *id.*; *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (factual

-3-

allegations are "clearly baseless" where they "rise to the level of the irrational or the wholly incredible").

## Analysis

None of the allegations contained in Plaintiff's complaint or interrogatory responses state any basis for federal question or diversity jurisdiction. Plaintiff fails to allege diversity of the parties in this litigation and fails to establish the minimum amount in controversy. *See* 28 U.S.C. §§ 1332(a)(1), (b); *contra Amerson v. American Nat'l Ins. Co.*, 117 F. App'x 360, 360 (5th Cir. Dec. 16, 2004) (per curiam) (reversing dismissal of prisoner lawsuit because district court failed to consider its diversity jurisdiction where damages of more than $75,000 were alleged and it was apparent, "[f]rom the face of the complaint," that diversity of citizenship existed). As further explained below, Plaintiff also fails to allege a nonfrivolous basis for federal question jurisdiction. Accordingly, he fails to raise allegations sufficient to establish subject matter jurisdiction.

To the extent that Plaintiff alleges a cause of action under the interstate commerce clause, *see* Dkt. No. 3 at 2, the clause itself does not give rise to a private cause of action, *see Daniels v. Church of the Living Word #4 PGT Assoc.*, No. CIV.A. 301CV1318D, 2001 WL 1445407, at *2 (N.D. Tex. Nov. 14, 2001) ("While Congress may enact laws that create private causes of action against persons who engage in unlawful activities affecting interstate commerce, the commerce clause <u>itself</u> does not

give rise to any such cause of action." (emphasis in original)). And, to the extent that Plaintiff alleges that either defendant – neither of whom are alleged to be state actors – violated his constitutional rights, that allegation is due to be dismissed as frivolous pursuant to § 1915(e)(2). "A plaintiff may only bring a [42 U.S.C.] § 1983 lawsuit against a state actor to enforce a constitutional right or a right created by a federal statute." *Perez v. Ormiston*, 364 F. App'x 93, 93 (5th Cir. Feb. 3, 2010) (per curiam) (affirming dismissal with prejudice pursuant to § 1915(e)(2) where neither state action nor a private right of action, pursuant to a federal statute, were present); *see also Priester v. Lowndes Cnty.*, 354 F.3d 414, 420 (5th Cir. 2004) ("To state a cause of action under section 1983 the appellant must allege that the person who deprived him of a federal right was acting under color of law.").

## Recommendation

Plaintiff's complaint should be summarily dismissed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed

determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: September 19, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE